IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| KATHLEEN MILLGARD, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No.: 3:17-cv-05005-BP |
| vs. | ) ) |
| USAA INSURANCE AGENCY, INC., | ) ) **JURY TRIAL DEMANDED** |
| and | ) ) |
| CHUBB INSURANCE SOLUTIONS AGENCY, INC. | ) ) ) |
| Defendants. | ) |

## DEFENDANT CHUBB INSURANCE SOLUTIONS AGENCY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

Defendant Chubb Insurance Solutions Agency, Inc. (hereinafter "Defendant") by and through undersigned counsel hereby submits its Answer and Affirmative Defenses to Plaintiff Kathleen Millgard's (hereinafter Plaintiff) Petition for Damages as follows:

## FACTS COMMON TO ALL COUNTS

1. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 1, therefore, Defendant denies the same.

2. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 2, therefore, Defendant denies the same.

3. Defendant admits only that it is a corporation organized under the laws of the state of New Jersey and registered to conduct business within the state of Missouri; however, Defendant denies all other allegations contained within Paragraph 3.

4. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 4, therefore, Defendant denies the same.

5. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 5, therefore, Defendant denies the same.

6. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 6, therefore, Defendant denies the same.

7. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 7, therefore, Defendant denies the same.

8. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 8, therefore, Defendant denies the same.

9. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 9, therefore, Defendant denies the same.

10. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 10, therefore, Defendant denies the same.

11. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 11, therefore, Defendant denies the same.

### COUNT I
### Millgard v. USAA
### Breach of Contract

12. Defendant incorporates its responses to all Paragraphs above as though fully set forth herein.

13. Paragraph 13 is not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 13, therefore, Defendant denies the same.

14. Paragraph 14 is not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 14, therefore, Defendant denies the same.

15. Paragraph 15 is not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 15, therefore, Defendant denies the same.

16. Paragraph 16 is not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 16, therefore, Defendant denies the same.

17. Paragraph 17 is not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 17, therefore, Defendant denies the same.

## COUNT II
### Vexatious Refusal
### Millgard v. USAA

18. Defendant incorporates its responses to all Paragraphs above as though fully set forth herein.

19. Paragraph 19 is not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 19, therefore, Defendant denies the same.

20. Paragraph 20 is not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 20, therefore, Defendant denies the same.

21. Paragraph 21 is not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 21, therefore, Defendant denies the same.

22. Paragraph 22 is not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 22, therefore, Defendant denies the same.

23. Paragraph 23 is not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 23, therefore, Defendant denies the same.

24. Paragraph 24 is not directed to this Defendant, as such, no response is required. To the extent a response is required, Defendant is without sufficient information to either admit or deny the allegations contained within Paragraph 24, therefore, Defendant denies the same.

## COUNT III
## Millgard v. Chubb
## Breach of Contract

25. Defendant incorporates its responses to all Paragraphs above as though fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 30, therefore, Defendant denies the same.

## AFFIRMATIVE DEFENSES

31. Plaintiff has failed to mitigate her alleged damages.

32. This Court lacks specific personal jurisdiction over this Defendant, as Plaintiff's lawsuit is not arising out of or related to Defendant's contact with the Forum.

33. This Court lacks general personal jurisdiction over this Defendant, as the assertion of general personal jurisdiction over this Defendant would violate R.S.Mo. 506.500 and the Fifth and Fourteenth Amendments of the United States Constitution for valid personal jurisdiction in this Forum in that:

   a. The nature and quality of Defendant's contact with the Forum are unrelated to Plaintiff's action;

   b. The quantity of Defendant's contacts with the Forum are unrelated to Plaintiff's action;

   c. Plaintiff's cause of action arises upon insurance contacts, neither of which were issued by this Defendant, as such, Plaintiff's cause of action has no relation whatsoever to Defendant's contact with the forum;

   d. The interests of the Forum in providing an avenue for Plaintiff to pursue her action would not be offended as Plaintiff may pursue her action against any proper defendant with respect to the subject insurance policies forming the basis of Plaintiff's claims; and

   e. Defendant would be greatly inconvenienced by remaining a party to an action founded upon insurance policies which it had no part in issuing.

34. In further answer, and by way of affirmative defense, Defendant states Plaintiff's claims are barred, in whole or in part, by the terms, exclusions, conditions, definitions,

declarations, endorsements, and/or limitations contained within the Federal Insurance Company policy forming the basis of Plaintiff's Petition for Damages.

35. In further answer, and by way of affirmative defense, Defendant states that the terms of the Federal Insurance policy forming the basis of Plaintiff's Petition for Damages do not provide coverage for the claims at issue in Plaintiff's Petition for Damages because the underlying claims do not seek recovery of damages within the meaning of the Federal Insurance Policy issued.

36. In further answer, and by way of affirmative defense, Defendant states that Plaintiff's action is precluded by the exclusive remedies provided under Missouri Workers' Compensation law, including R.S.Mo. § 287.120.

37. In further answer, and by way of affirmative defense, Defendant states that Plaintiff is not entitled to indemnification under the subject Federal Insurance policy in so far as Plaintiff was entitled to receive and/or has received duplicate payment under Workers' compensation law and/or disability benefits law.

38. In further answer, and by way of affirmative defense, Defendant states that should Plaintiff be entitled to recovery under the terms of the Federal Insurance policy, which is denied, Defendant states that Plaintiff's recovery is limited to the highest applicable limit of coverage for any one vehicle under any coverage form applicable to the subject loss forming the basis of Plaintiff's Petition, with the coverage afforded under the Federal Insurance policy provided only on an excess basis.

39. In further answer, and by way of affirmative defense, Defendant states that should Plaintiff be entitled to recovery under the terms of the Federal Insurance policy, which is denied, Defendant states that the total amount recoverable against Defendant is limited to the proportion

6

Case 3:17-cv-05005-BP   Document 8   Filed 01/20/17   Page 6 of 8

that Defendant's applicable coverage limit bears to the total of applicable limits of coverages, pursuant to the terms and conditions of the Federal Insurance Company policy forming the basis of Plaintiff's Petition.

40. In further answer, and by way of affirmative defense, Defendant states that in the event Plaintiff has or will in the future enter into any release, settlement agreement, covenant not to sue or not to enforce a judgment, Defendant prays for a reduction of Plaintiff's claims by the stipulated amount of the agreement or in the amount of consideration paid, whichever is greater.

41. In further answer, and by way of affirmative defense, Defendant states that should the fact finder determine that Plaintiff is legally entitled to recover damages from the owner or operator of an uninsured/ underinsured motor vehicle, which is denied, Plaintiff's recovery is limited in whole or in part by her comparative fault, including but not limited to Plaintiff's failure to keep a proper lookout.

WHEREFORE, Defendant Chubb Insurance Solutions Agency, Inc. respectfully requests this Court to deny Plaintiff's claims and requests for relief, enter judgment in Defendant's favor, grant Defendant its costs and fees incurred, dismiss Plaintiff's action with prejudice, and award Defendant such further relief as the Court deems just and appropriate under the circumstances.

## JURY TRIAL DEMANDED

Defendant demands a jury trial on all triable issues herein.

Respectfully submitted,

**BROWN & JAMES, P.C.**

By: /s/ David R. Buchanan
David R. Buchanan, MO #29228
2345 Grand Boulevard, Ste. 2100
Kansas City, MO 64108
Ph: 816.472.0800
Fax: 816.421.1183
Email: dbuchanan@bjpc.com
***Attorneys for Defendant Chubb Insurance Solutions Agency, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that on 20th of January, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ David R. Buchanan

13400388.tlc